IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS JACKSON<br>on behalf of himself individually,<br>and ALL OTHERS SIMILARLY<br>SITUATED | § § § § § | |
| | § | Civil Action No. |
| Plaintiffs, | § § § | |
| v. | § § | COLLECTIVE ACTION<br>(JURY TRIAL) |
| CROWN INTERNATIONAL SECURITY | § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**SUMMARY**

1. Crown International Security does not pay their Security Guards overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Crown International Security pays its Security Guards straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Marcus Jackson, and the other Security Guards are entitled to recover unpaid overtime as well as other damages.

2. Crown International Security has a policy, enforced at all of its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

3. Defendant Crown International Security is a domestic corporation with locations throughout Texas and the United States. Crown International Security can be

1

served with process through its owner, David Zigray at 9802 Forum Park Drive #3236 Houston, Texas 77036.

4. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

5. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant Crown International Security who maintained a uniform pay policy denying overtime wages to its Security Guards and paying them only straight time for hours worked above forty at all of its locations throughout the state of Texas.

6. Defendant Crown International Security is a Security Guard company that hired Plaintiff and issued his paychecks.

7. Defendant Crown International Security employed Plaintiff at its Texas location and managed Plaintiff throughout the course and scope of his employment.

8. Putative class members are all similarly situated Security Guards hired by Crown International Security and were paid straight time instead of time and a half for hours worked above forty (40) per week.

### JURISDICTION AND VENUE

9. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. Venue is proper because Defendant has locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

11. Marcus Jackson worked for Crown International security as a Security Officer. His written consent is attached.

12. Plaintiff was hired by Crown International Security and employed by Defendant at its Houston Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

13. The "FLSA Class Members" are all Security Guards who were employed by Crown International Security at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

## FACTS

14. Marcus Jackson was an employee of Crown International Security and employed by Crown International Security at its location in Houston, Texas.

15. Marcus Jackson was not an independent contractor.

16. No exemption to the provisions of the FLSA excused Defendant from its obligation under the FLSA to pay Marcus Jackson time and a half for the hours worked past forty (40) each week while employed by Defendant.

17. Crown International Security paid Plaintiff Marcus Jackson straight time, not time and a half, for the hours he worked above forty (40) during his employment with Defendant.

18. Marcus Jackson was employed by Defendant as a Security from August 2016 to December 2016.

19. The work performed by Plaintiff was the primary type of work that Defendant provides for its customers.

20. The work performed by Plaintiff was an essential part of the services provided for Defendant's Customers.

21. Plaintiff's job duties include but are not limited to patrolling various premises, drafting reports, protecting customers and their clients, and reporting criminal activity to police authorities.

22. Crown International Security's Security Guards relied on Defendant for their work.

23. Crown International Security determined where it's Security Guards worked and how they performed their duties.

24. Crown International Security set Security Guards' hours and requires them to report to work on time and leave at the end of their scheduled hours.

25. Crown International Security Guards at all locations work exclusively for Defendant since they work between 11 and 12 hours a day, as a practical matter, they cannot work anywhere else.

26. Crown International Security Guards are not permitted to hire other workers to perform their jobs for them.

27. The Security Guards do not employ staff, nor do they maintain independent places of business.

28. Security Guards employed by Defendant are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Crown International Security each day.

29. The Security Guards employed by Defendant cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by Crown International Security. Crown International Security pays Security Guards in return for their labor.

30. Crown International Security keeps records of the hours it instructed its Security Guards to work. It also keeps records of the amount of pay Plaintiff and putative class members receive. Plaintiff and putative class members were paid directly via weekly pay check.

31. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendant paid them straight time instead of time and a half for the overtime hours that they worked.

32. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

33. In addition to Marcus Jackson, Defendant employed dozens of other Security Guards at the location where Plaintiff worked and at other locations. These employees worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful policies. The FLSA Class Members are similarly situated to Marcus Jackson.

34. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Security Guards who worked overtime hours while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

35. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Crown International Security violated the FLSA.

36. Crown International Security owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

37. Crown International Security knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

38. Crown International Security owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

39. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: */s/ Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEY FOR PLAINTIFF**