# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| MARCUS JACKSON, on behalf of Himself individually, and ALL OTHERS SIMILARLY SITUATED<br>*Plaintiffs*,<br><br>v.<br><br>CROWN INTERNATIONAL SECURITY<br>*Defendants*. | **CASE NO. 4:18-cv-01512**<br><br><br>COLLECTIVE ACTION<br><br>JURY DEMANDED |

## PLAINTIFF'S  MOTION FOR DEFAULT JUDGMENT

Comes now, Plaintiff Heriberto Menendez, by and through his attorney of record, TAFT L. FOLEY II, and request this Court, pursuant to Rule 55(b)(1), for the entry of a judgment by default against the defendant.  In support of this request, Plaintiff relies upon the record in this case and the affidavit submitted herein.

### A.  INTRODUCTION

1.  Plaintiff is MARCUS JACKSON; Defendant is Reinforcing Concrete Constructors Inc.

2.  On May 10, 2018 plaintiff filed an Original FLSA Collective Action Complaint against defendant with the Court.

**3.**   On May 31, 2018 defendant was served with a summons and copy of plaintiff's complaint by personal service to its registered agent.  A copy of the return of service is attached as **Exhibit A**.  Defendant did not file a responsive pleading or otherwise defend this suit.

**4.**   On September 21, 2018 the Clerk of this Court entered a default against defendant. A copy of the entry of default is attached as **Exhibit B**.

**5.**   Plaintiff now asks the clerk to enter a default judgment and conclude the case.

## B.  ARGUMENT

**6.**   The clerk can enter a default judgment when (1) the defendant defaulted for failure to appear, (2) the defendant is not a minor, an incompetent person, a member of the military, the U.S. government, or a federal officer or agency, and (3) the damages are a sum certain or can be made certain by computation.  See 50 U.S.C. § 3931 (b)(1); Fed. Rules of Civil P. 55(a), (b)(1),(d); *Franchise Holding II, LLC v. Huntington Rest. Grp. Inc., 375 F.3d 922, 927 (9th Cir. 2004)*

**7.**   The clerk should enter a default judgment against defendant because defendant did not file a responsive pleading or otherwise defend the suit within 21 days after May 31, 2018, the date of service. Fed. R. Civ. P. 12(a)(1)(A)(i)

**8.**   Plaintiff meets the procedural requirements for obtaining a default judgment from the Court as demonstrated by TAFT L. FOLEY II's sworn affidavit, attached as **Exhibit C.**

**9.**   Defendant is not a minor, an incompetent person, a member of the military, the U.S. government, or a federal officer or agency.  See 50 U.S.C § 3931(b)(1); Fed. R. Civ.

2

P. 55(b)(1), (d).  No affidavit of defendant's *military* status is required as defendant is

a corporation.

10.  Because defendant did not make an appearance and did not file an answer, or

otherwise defend the suit it is not entitled to notice of entry of default judgment. See

Fed. R. Civ. P.55(b)(1); *Franchise Holding II, LLC, 375 F.3d at 927-928.*

11. Plaintiff's claim can be made certain by computation. Fed. R. Civ. P.55 (b)(1);

*Franchise Holding II, LLC, 375 F.3d at 928-929.*

12. The damages specified in plaintiff's complaint are proved by affidavit, attached as

**Exhibit C.**

13.  Plaintiff's unpaid wages totaled, $3,840.00. Defendant's actions were willful and

Defendant acted in "Bad Faith".  In April of 2018, plaintiff complained to defendant

owner, David Zigray, about not receiving time and one half for the hours he worked

over 40 hours in his work week. Crown International Security paid Plaintiff Marcus

Jackson straight time, not time and a half for the hours he worked above forty (40)

during his employment with Defendant. Marcus Jackson was employed by Defendant

as a Security Guard from August 2016 to December 2016. The work performed by

Plaintiff was the primary type of work that Defendant provides for its Customers. The

work performed by Plaintiff was an essential part of the services provided for

Defendant's Customers. Plaintiff's Job Duties include but are not limited to patrolling

various premises, drafting reports, protecting customers and their clients, and

reporting criminal activity to police authorities. Crown International Security's

Security Guards relied on Defendant for their work. Crown International Security

determined where it's Security Guards worked and how they performed their duties.

3

Crown International Security Set Security Guards' hours and requires them to report to work on time and leave at the end of their scheduled hours. Crown International Security Guards at all locations work exclusively for Defendants since they work between 11 and 12 hours a day, as a practical matter, they cannot work anywhere else. Crown International Security Guards are not allowed to hire other workers to perform their jobs for them. The Security Guards do not employ staff, not do they maintain independent places of business. Security Guards employed by Defendant are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Crown International Security each day. The Security Guards employed by Defendant cannot suffer a loss of capital investment. Their only earing opportunity is based on the number of hours they were told to work, which is controlled exclusively by Crown International Security. Crown International Security pays Security Guards in return for their labor. Crown International Security keeps records of the hours it instructed its Security Guards to work. It also keeps records of the amount of pay Plaintiff ad putative class members receive. Plaintiff and putative class members were paid directly via weekly pay check. Despite knowing of the FLSA's requirements and that Plaintiff and Putative class members regularly worked more than 40 hours In a workweek, Defendant paid them Straight time instead of time and half for the overtime hours that they worked. Plaintiff and Putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit. According to the 7th Circuit, doubling, the unpaid overtime "is not some disfavored 'penalty', [There is] a strong presumption in favor of doubling, a presumption

4

overcome only by the employer's good faith…. And reasonable grounds for believing that [the] act or omission was not a violation." Thus, employers can only avoid double damages for unpaid overtime if they can show that (1) their actions were taken in good faith and (2) they had reasonable grounds for their belief that they were complying with FLSA 29 U.S.C. §260. Employers can avoid liquidated damages only if they can prove they acted in good faith and reasonably believed they were not required to pay the wages in question. The 5th Circuit upheld this position in *Alverez v. AMB-Trans., Inc.*, *2013*, U.S. Dist LEXIS 11539. The Court found that the FLSA damage provision provided for liquidated damages in an amount equal to the unpaid wages. The 5th Circuit also reaffirmed that the employer has the burden of demonstrating that it acted in good faith and on reasonable grounds to defeat an FLSA liquidated damages claim. Defendant has failed to make an appearance. Defendant employs dozens of Other Security Guards at the location where Plaintiff worked and at other Locations. These employees worked for over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. By failing to pay Plaintiff and FLSA Class Members overtime at one and a half times their regular rates, Crown International Security violated FSLA. Crown International Security owes Plaintiff and the FLSA Class members overtime wages equal to one- half their regular rates for each overtime hour worked during the last three years. Crown International Security knew, or showed reckless disregard for whether, its failure to pay overtime violated FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful. For these reasons, plaintiff asks the clerk to enter a default judgment in favor of plaintiff for actual damages of $3,840.00,

liquidated damages at $3,840.00 for a the sum total of $7,680.00, as well as granting

attorney's fees, court costs and post judgment interest.

Respectfully submitted,

By:/s/ Taft L. Foley II.____
**SBN** 24039890
**FEDERAL I.D.: 2365112**
*Attorney-In Charge for*
*Plaintiff*
3003 South Loop West,
Ste. 108
Houston, Texas 77054
Telephone: (832) 778-8182
Facsimile: (832) 778- 8353
*Taft.foley@thefoleylawfirm.com*

6